DAVID H. BUNDY, P.C.
721 Depot Drive
Anchorage, AK 99501
E-Mail-dhb@alaska.net
**David H. Bundy - 7210043**
Counsel for Debtor

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>JACK A. BARRETT,<br><br>Debtor. | Chapter 11 Proceedings<br>Subchapter V Small Business<br><br>Alaska Adversary Case No. _20-9_____<br><br>Arizona Bankruptcy Case No. 2:20-bk-07712-MCW<br><br>**NOTICE OF REMOVAL**<br>**(Case No. 3AN-14-08418 CI)** |

Jack A. Barrett (the "**Movant**"), as the Plaintiff in the Alaska Superior Court of the Third Judicial District of Anchorage (the "**Superior Court**"), *Mystery Ranch, LLC and Jack Barrett v. Bob Gross and RB Enterprises, LLC,* Case No. 3AN-14-08418 CI and its related American Arbitration Association case, Case no. 01-15-0005-1171, (collectively the "**Removed Case**"), hereby removes the Removed Case to the United States Bankruptcy Court for the District of Alaska (the "**Alaska Bankruptcy Court**").

Ultimately, the Movant is seeking to have the Removed Case transferred to the United States Bankruptcy Court for the District of Arizona ("**Arizona Bankruptcy Court**"), which is presiding over the Movant's bankruptcy, as well as the Movant's entity, Meritage Companies LLC's ("**Meritage**"), bankruptcy.[1] However, case law (as more fully described in the following section) requires the Removed Case first be removed to the bankruptcy court in the district where the state court is located and then the Removed Case is to be transferred by motion to the district where the bankruptcy case is filed. The Motion

---

[1] Initially, the Movant and Meritage's bankruptcies were being jointly administered. However, Movant qualified to have his case administered under Subchapter V, whereas Meritage did not. The cases were then severed due to the scheduling differences between a Subchapter V and regular Chapter 11, but the cases both remain under one judge, the Honorable Madeleine C. Wanslee.

1

to Transfer is simultaneously being filed with the Alaska Bankruptcy Court to transfer the Removed Case to the Arizona Bankruptcy Court.

The same removal procedure is being taken with another similar Alaska case in the Superior Court (Case No. 3AN-14-08320 CI) that involves the same parties, Robert Gross and Jack Barrett. This removal is the subject of a separate Notice of Removal also being simultaneously filed with the Alaska Bankruptcy Court.

## I.     **Entitlement to Removal**.

The Removed Case was commenced in the Superior Court on August 1, 2014. On June 30, 2020, the Movant commenced Chapter 11 bankruptcy, 2:20-bk-07712-MCW (the "**Bankruptcy Case**") in the Arizona Bankruptcy Court.

The proper procedure for removal of a state court case located in a federal district other than the district in which the state court case is located requires:

(1) the removing party removes the state court case to the local bankruptcy court whose district encompasses the state court where the case is pending, and

(2) the removing party (or any other party in interest) files a motion in that bankruptcy court to transfer the removed case to the district where the relevant bankruptcy case is pending.

*In re Bisno,* 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010). Thus, to comply with the proper procedure set out in *In re Bisno*, the Movant is first removing the Removed case to the Alaska Bankruptcy Court and then filing a motion to transfer the Removed Case to the Arizona Bankruptcy Court.

The Removed Case is a case related to the Bankruptcy Case.  As such, the Alaska and Arizona Bankruptcy Courts have jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(b). Therefore, pursuant to 28 U.S.C. § 1452(a), the Removed Case may be removed to the Alaska Bankruptcy Court and thereafter transferred to the Arizona Bankruptcy Court.

Furthermore, the Defendant/Counterclaimant has consented to the jurisdiction of the Arizona Bankruptcy Court through the filing of Proof of Claim Nos. 13 & 14 on September 8, 2020, which arise directly out of the Removed Case (the "**Proofs of Claim**"). "The

Supreme Court has long held that simple participation by a creditor in the claims resolution process constitutes consent to the entry of a final order as to that claim." *In re Pringle*, 495 B.R. 447, 459 (B.A.P. 9th Cir. 2013); *See also Bryan v. Bernheimer*, 181 U.S. 188, 197, 21 S.Ct. 557, 45 L.Ed. 814 (1901) (consent to summary jurisdiction by filing proof of claim); *Katchen v. Landy*, 382 U.S. 323, 334, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) (filing proof of claim confers summary jurisdiction on bankruptcy court over preference actions and actions to recover property filed by the bankruptcy trustee in claim disallowance action); *Cline v. Kaplan*, 323 U.S. 97, 99, 65 S.Ct. 155, 89 L.Ed. 97 (1944) (dicta); Cf. *Alexander v. Hillman*, 296 U.S. 222, 238–39, 242–43, 56 S.Ct. 204, 80 L.Ed. 192 (1935) (claim filed in federal equity receivership submits claimant to court's jurisdiction in respect of all defenses, objections, and counterclaims).

Pursuant to 28 U.S.C. § 1452(a), the Removed Case may be removed to the Alaska Bankruptcy Court and thereafter transferred to the Arizona Bankruptcy Court.

Pursuant to 28 U.S.C. § 157, the Alaska District Court may refer the Removed Case to the bankruptcy judges for the district. By its General Order 503, the Alaska District Court has referred to the bankruptcy judges for this district all cases under Title 11 and all proceedings under Title 11 or arising in or related to a case under Title 11. That includes the Removed Case.

As permitted by Bankruptcy Rule 9027(a)(2), this Notice of Removal is being filed within ninety (90) days after the order for relief in the Bankruptcy Case.

**a. Core Status of Removed Case**.

The Removed Case is a core proceeding within the meaning of 28 U.S.C. § 157(b), as the Removed Case involves (a) orders to turn over property of the estate, (b) allowance or disallowance of claims against the estate, (c) proceedings to determine, avoid, or recover fraudulent conveyances, (d) determinations of the validity, extent, or priority of liens, and (e) proceedings affecting the liquidation of the assets of the estate.

The Removed Case was brought by Barrett due, in part, to the Defendant's unauthorized ownership changes to entities jointly owned and controlled by Barrett and the

3

Defendant through which the Defendant "effectively seized/stole assets which were originally owned by Barrett personally."

The Removed Case Complaint brought claims for theft and conversion of Barrett's personal property and for recovery of fraudulent conveyances, among other things. The Removed Case is ongoing, in part, due to Defendants' failure to pay amounts due and owing under the Judgment.

Furthermore, Defendant/Counterclaimant's filing of its Proofs of Claim subjected its claims to the core jurisdiction of the Bankruptcy Court. *In re Conejo Enterprises, Inc.*, 96 F.3d 346, 353-54 (9th Cir. 1996) ("Once [the creditor] filed its proof of claim, it subjected its claim to the core jurisdiction of the bankruptcy court.").

Pursuant to 28 U.S.C. § 157(c)(2), the Barrett consents to the District Court's referral of the Removed Case to the Bankruptcy Court to hear and determine and to enter appropriate orders and judgments, subject to review under 28 U.S.C. § 158. Pursuant to Bankruptcy Rule 9027(a)(1), Barrett consents to the entry of final orders of judgments by the bankruptcy judge.

**II.    Process and Pleadings**.

This notice is accompanied by copies of all process, pleadings (as narrowly defined by F.R.Civ.P. Rule 7(a)), minute entries, pending motions, and orders filed prior to removal, plus, if available, a copy of the docket for the Removed Case from the court where the Removed Case is pending.

**III.    Filing in Superior Court**.

Promptly after the filing hereof, the undersigned will file a copy of this notice with the Clerk of the Superior Court.

**WHEREFORE**, the Movant respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

DATED this 23rd day of September, 2020.

4

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

**DAVID H. BUNDY, P.C.**

By: /s/ David H. Bundy  
David H. Bundy  
721 Depot Drive  
Anchorage, AK 99501  
Counsel for Debtors

COPY of the foregoing mailed, or served  
via electronic notification* or fax** if so marked,  
this 23rd day of September, 2020, to:

U.S. Trustee's Office* ustpregion14.px.ecf@usdoj.gov  
Edward Bernatavicius* edward.k.bernatavicius@usdoj.gov  
230 N. First Ave., Ste. 204  
Phoenix, AZ 85003-1706

James E. Cross* jcross@crosslawaz.com  
CROSS LAW FIRM, PLC  
1850 N. Central Ave., Suite 1150  
Phoenix, AZ 85004  
Subchapter V Trustee

Bruce E. Falconer  
bfalconer@bcfaklaw.com  
Charles A. Cacciola  
BOYD, Chandler, Falconer & Munson, LLP  
911 W. 8th Avenue, Suite 302  
Anchorage, Alaska 99501  
Attorneys for Defendant/Counterclaimants

/s/ David H. Bundy  
David H. Bundy

5