UNITED STATES BANKRUPTCY COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>JACK A. BARRETT,<br><br>                                  Debtor. | Chapter 11<br><br>Arizona Case No. 2:20-bk-07712-MCW |
| JACK BARRETT and MYSTERY RANCH, LLC,<br><br>                Plaintiffs,<br><br>   v.<br><br>ROBERT "BOB" GROSS and RB ENTERPRISES, LLC,<br><br>              Defendants. | Alaska Adv. Proc. No. 20-90009-GS |

**ORDER ON DEFENDANTS' MOTION TO REMAND
AND PLAINTIFFS' MOTION FOR TRANSFER OF VENUE**

On December 15, 2020, the court conducted a hearing on the following matters:

1) Defendants' Notice of Motion and Motion to Remand the Adversary Proceeding in Whole or in Part Under [28] U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(d) (Adv. ECF No. 11) (Motion to Remand), filed by defendants Robert "Bob" Gross and RB Enterprises, LLC; and

2) Motion to Transfer Venue (Adv. ECF No. 5) (Transfer Motion), filed by plaintiffs Jack Barrett and Mystery Ranch, LLC.

Appearances were as noted on the record. For the following reasons, the court exercises its discretion under 28 U.S.C. § 1452(b) to remand the proceedings removed to this court within this adversary proceeding. As a result, the Transfer Motion shall be denied.

## FACTS

This case, and the matters removed, are but one chapter in ongoing litigation involving various business arrangements between Jack Barrett and Bob Gross. The two have been in various businesses since 2010.[1] The business pertinent to this action involves IT, LLC, formed to acquire the Inlet Tower Hotel in Anchorage, Alaska.[2] IT, LLC is owned equally by Barrett's Mystery Ranch, LLC and Gross's RB Enterprises, LLC.[3] Barrett became dissatisfied with Gross's management of IT, LLC, and filed *Mystery Ranch, LLC and Jack Barrett v. Bob Gross and RB Enterprises,* Case No. 3AN-14-08418, in Alaska Superior Court (State Court Action).[4]

The dispute was ordered to arbitration by the Superior Court in December 2014, in accordance with the parties' agreement to arbitrate.[5] Mystery Ranch filed its arbitration complaint in September 2015, commencing American Arbitration Case No. 01-15-0005.[6] The parties proceeded to arbitration in September 2018, and the arbitrator issued a detailed decision and interim award in November 2018 in which it discussed the numerous claims asserted. The arbitrator found that Barrett had impermissibly diverted $196,088.31 from IT,

---

[1] Adv. ECF No. 11-1, Gross Decl., p. 2:17-18.

[2] *Id.* at p. 2:18-25.

[3] *Id.* at p. 2:19-22; *see also* Adv. ECF No. 45-1.

[4] Adv. ECF No. 11-1, Gross Decl., pp. 2:25-3:1.

[5] *Id.* at p. 3:13-15.

[6] *Id.* at p. 4:23-24.

2

LLC. The arbitrator further found that RB Enterprises owed Mystery Ranch on an outstanding loan. The arbitrator proceeded to offset these obligations and ultimately ruled that RB Enterprises was liable to Mystery Ranch, after netting all obligations, for the balance of the Mystery Ranch loan in the amount of $221,323.02, including interest.[7] On April 18, 2019, the Superior Court confirmed the arbitration award and entered judgment in favor of Mystery Ranch against RB Enterprises.[8] The arbitrator issued his Decision and Final Award on June 7, 2019, adding an award of $88,150 in attorney fees and costs in favor of Mystery Ranch.[9] Significant to the motion to remand, the court chose *not* to enter the judgment for "Plaintiffs" as Barrett and Mystery Ranch proposed when they tendered their order to the court. Rather, the court specifically limited judgment to Mystery Ranch, a party that is not a bankruptcy debtor. No appeal was taken from the judgment.

Subsequently, on August 7, 2019, Mystery Ranch filed an application in Superior Court seeking an order directing forfeiture of RB Enterprises' interest in IT, LLC in satisfaction of Mystery Ranch's arbitration award (Forfeiture Motion).[10]

On June 30, 2020, Barrett filed his personal chapter 11 bankruptcy case in the United States Bankruptcy Court for the District of Arizona.[11] Another of Barrett's entities, Meritage

---

[7] *Id.* at p. 5:11-24.

[8] *Id.* at pp. 5:27-6:1.

[9] *Id.* at p. 6:4-8.

[10] *Id.* at p. 6:12-17.

[11] *See* Adv. ECF No. 1.

3

Companies LLC, also filed its bankruptcy petition that same day. On September 23, 2020, Barrett filed his Notice of Removal of the State Court Action, including the arbitration, to this court. Barrett also filed the Transfer Motion, requesting that the removed action be transferred to the Arizona bankruptcy court where his bankruptcy case is pending.

On September 25, 2020, the Superior Court gave notice that it prepared its order on Mystery Ranch's pending Forfeiture Motion, but was not entering the order in light of the removal.[12] The court requested further clarification regarding the parties' positions.[13] On December 10, 2020, the Superior Court entered its order on the Forfeiture Motion, noting that the bankruptcy court "will make its own decisions about whether [this] decision should be given any weight in the bankruptcy."[14] In that order the Superior Court set a deadline of March 2, 2021 for RB Enterprises to pay in full the arbitration award to Mystery Ranch from "untainted funds."[15] If unpaid, Mystery Ranch "may then immediately and on an expedited basis apply to this court for an order transferring to Mystery Ranch 100% of RB Enterprises' 50% interest in IT, LLC."[16]

---

[12] Adv. ECF No. 11-2, Ex. 4 at p. 15 ("This court has been working on a rather lengthy written order on the remaining pending motions, and until the September 23 bankruptcy notice this court was intending to issue that order on Monday, September 28."). Citations to page numbers in the exhibits to the Motion to Remand reflect the Bates numbering assigned by the defendants and not the court's ECF page numbering.

[13] *Id*.; *see also id.* at Ex. 5 at p. 18.

[14] Adv. ECF No. 43-1, Ex. A at p. 5.

[15] *Id.* at p. 6.

[16] *Id.*

4

## ANALYSIS

Barrett removed the State Court Action under 28 U.S.C. § 1452(a), which provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.[17]

Removal is effectuated by filing the appropriate notice with the court from which the case is to be removed, and is automatic upon filing.[18] Upon the filing of a notice of removal with the court from which the matter is removed, "[t]he parties shall proceed no further in that court unless and until the claim or cause of action is remanded."[19]

Even if properly removed, this court has broad discretion to remand the matters under 28 U.S.C. § 1452(b).[20] Under § 1452(b) courts may remand removed matters on "any equitable ground."[21] While the phrase "equitable ground" is not defined in the statute, courts have considered a multitude of factors to determine whether remand is appropriate:

---

[17] 28 U.S.C. § 1452(a).

[18] Fed. R. Bankr. P. 9027(a)(1); *Roberts v. Bisno (In re Bisno)*, 433 B.R. 753, 756 (Bankr. C.D. Cal. 2010). Rule 9027(a)(2) requires that removal be timely sought under its provisions. Gross does not challenge the timeliness of removal.

[19] Fed. R. Bankr. P. 9027(c).

[20] *See Citigroup, Inc. v. Pacific Investment Management Co., LLC (In re Enron Corp.)*, 296 B.R. 505, 508 (C.D. Cal. 2003).

[21] 28 U.S.C. § 1452(b).

5

1. the effect or lack thereof on the efficient administration of the estate if the Court recommends remand or abstention;

2. the extent to which state law issues predominate over bankruptcy issues;

3. the difficult or unsettled nature of applicable law;

4. the presence of related proceedings commenced in state court or other non-bankruptcy proceedings;

5. the jurisdictional basis, if any, other than § 1334;

6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. the substance rather than the form of an asserted core proceeding;

8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. the burden on the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. the existence of a right to a jury trial;

12. the presence in the proceeding of nondebtor parties;

13. comity; and

14. the possibility of prejudice to other parties in the action.[22]

---

[22] *In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007) (quoting *Enron*, 296 B.R. at 508, n.2); *see also Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1167 (9th Cir. 1990) (quoting *Republic Reader's Serv., Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Serv., Inc.)*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987)); *Nilsen v. Nielson (In re Cedar Funding, Inc.)*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009).

The facts and circumstances of each case determine which, and how many, factors should be considered in the court's exercise of discretion under § 1452(b). That being said, application of the factors is not a mathematical equation. In the appropriate circumstance, "any one of the relevant factors may provide a sufficient basis for equitable remand."[23] The discretion to remand under § 1452(b) is "an unusually broad grant of authority . . . [that] subsumes and reaches beyond all of the reasons for remand under nonbankruptcy removal statutes."[24] Consistent with this broad authority, the decision to remand a matter under § 1452(b) is not reviewable on appeal.[25]

The defendants focus their motion to remand upon lack of bankruptcy jurisdiction under § 1334, and with good reason. The Ninth Circuit has instructed that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[26] Importantly, "[t]he burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."[27] For purposes of determining bankruptcy jurisdiction under 28 U.S.C. § 1334(b), the State Court Action neither arises in, nor under, the bankruptcy. Thus, for

---

[23] *Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011).

[24] *Roman Catholic Bishop of San Diego*, 374 B.R. at 761 (citing *McCarthy v. Prince (In re McCarthy)*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999)).

[25] 28 U.S.C. § 1452(b).

[26] *Evans v. Tippie (In re C&M Russell, LLC)*, 2019 WL 3430800, at *6 (B.A.P. 9th Cir. July 30, 2019) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

[27] *C&M Russell*, 2019 WL 3430800, at *6 (citing *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *amended by* 387 F.3d 966 (9th Cir. 2004)).

7

bankruptcy jurisdiction to exist, the State Court Action must be related to Barrett's bankruptcy. The accepted definition for related to jurisdiction asks:

> whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. [citations omitted]. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.[28]

Barrett contends that the money judgment, and the potential recovery of RB Enterprises' interests in IT, LLC, constitute property of his bankruptcy estate. The court disagrees. Though the caption of the State Court Action includes bankruptcy debtor Barrett, the court entered judgment for nondebtor Mystery Ranch alone. Despite this, Barrett continues to argue that "[t]he Arbitrator presiding over the binding Arbitration ruled in favor of the Debtor on a number of claims."[29] This is simply wrong. As the arbitrator made clear in his response to the Superior Court's request for clarification,

> It is the Arbitrator's decision that the judgment in favor of *Mystery Ranch* is an involuntary encumbrance of RB Enterprises' interest in IT. Mystery Ranch shall be able to execute on IT's interest and become a 100% owner of IT. Once execution has been completed, Mystery Ranch is a member and not an assignee. Of course, *Mystery Ranch* can obtain a charging order under AS 10.50.380.[30]

---

[28] *Great Western Sav. v. Gordon (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988)(quoting *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984)) (emphasis in original).

[29] Adv. ECF No. 32 at p. 2:5-6.

[30] Adv. ECF No. 32-3, Ex. C at p. 3 (emphasis added).

8

Undeterred, Barrett ignores the legal separation between himself and his nondebtor entity, Mystery Ranch. The judgment is owed to Mystery Ranch, not Barrett. And the allegations concerning the wrongful use of IT, LLC's assets to fund RB Enterprises' attempted payment of the judgment is a harm to IT, LLC or possibly Mystery Ranch. Barrett has an ownership interest in Mystery Ranch. As such, it is that interest that is property of Barrett's estate, not the judgment or interest in IT, LLC. No evidence has been introduced as to Mystery Ranch's operations, assets, or liabilities. There is no basis to assume that any debts owed to Mystery Ranch inexorably flow directly to Barrett.

As a result of the proceedings in the State Court Action, the bankruptcy debtor has no actionable interest in either the Arbitration Action or the State Court Action. The judgment is neither property of the estate, nor a debt of the estate. "As a general rule a bankruptcy court does not have jurisdiction in controversies between third parties not involving the debtor or property of the estate."[31]

Barrett suggests that Mystery Ranch's judgment and claims inure to his benefit such that there could be some conceivable effect on his reorganization. The parties agree that Barrett has an ownership interest in Mystery Ranch, so it is conceivable that Mystery Ranch's judgment *could* be used by Barrett to affect his reorganization. From the court's vantage point based on the evidence presented, however, that possibility is not established

---

[31] *Linkway Inv. Co., Inc. v. Olsen (In re Casamont Inv'rs, Ltd.),* 196 B.R. 517, 521 (B.A.P. 9th Cir. 1996).

9

and appears too remote to support bankruptcy jurisdiction under § 1334(b).[32] This alone compels remand. If there is related to jurisdiction, however, the fact that the State Court Action is now a collection matter between two nondebtors that does not involve property of the estate or claims against the debtor weighs heavily in favor of discretionary remand. That the collection matter is between nondebtors implicates factors five (the jurisdictional basis other than § 1334) and seven (the substance of an asserted core proceeding). Both factors are necessarily lacking and strongly support remand.

Another of the debtor's companies, Meritage Companies, LLC, has also filed a chapter 11 bankruptcy case in the District of Arizona. Meritage Companies has removed a separate Alaska state court case involving a business venture with the defendants, in which Meritage Companies owes the defendants money. In reality, Barrett and Meritage Companies seek to remove these cases to their jointly administered bankruptcy cases in the hopes of facilitating an offset of RB Enterprises' obligation to *Mystery Ranch* against *Meritage Companies' and Barrett's* obligation to Gross. During oral argument the debtors' bankruptcy counsel candidly admitted as much as it is the basis for their request to transfer the removed cases to Arizona. The court addresses the merits of Meritage Companies' removal and the defendants' related motion to remand in a separate order entered in that adversary proceeding. But taken together, removal of these state cases is simply an exercise of forum shopping. The lack of any direct relation of the removed collection matter to Barrett's

---

[32] *See generally Munding v. LeMaster & Daniels, P.L.L.C. (In re Spokane Raceway Park, Inc.)*, 392 B.R. 451, 457-58 (Bankr. E.D. Wa. 2008) (no "related to" jurisdiction where removed action "would have no impact or, at best, only a very remote and speculative impact upon the debtor or its estate.").

bankruptcy is revealing. There is no reason to do so, except the hope that Barrett will be able to use one of his entity's judgments (Mystery Ranch) to offset another one of his entity's obligations (Meritage Companies). To the extent that such an offset is even feasible, there is no reason why Barrett cannot effectuate such offset without removal as no party in interest post-judgment is the debtor in this bankruptcy case. Rather, Barrett seeks to gain leverage by moving this proceeding, as well as Meritage Companies' case, out of the Alaska state court.[33] The history of the Meritage Companies' case makes clear why Barrett seeks removal as several Alaska judges have found that he and Meritage Companies have engaged in evasion of court orders and dilatory tactics to delay a determination of damages after a jury has already decided that he committed fraud warranting punitive damages.[34]

In addition to the lack of jurisdiction and forum shopping that compel remand of the State Court Action, fundamental principles of comity also strongly support remand in this instance. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction."[35] It is a prudential doctrine, rather than a hard and fast

---

[33] As the court is contemporaneously remanding the state court case removed in the Meritage Companies' bankruptcy, that matter constitutes a related proceeding commenced in state court that also weighs in favor of remand of this action.

[34] *See Barrett et al v. Gross et al.*, Adv. Proc. No. 20-90011-GS, Motion to Remand the Adversary Proceeding in Whole or in Part under 11 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(d), Adv. ECF No. 7, Ex. 7 at pp. 98-99 (Alaska Superior Court Order dated September 24, 2019); *see also id.* at Ex. 10 at pp. 133, ¶ 1 ("Plaintiffs' Responses to Defendants' Second Set of Discovery Requests, dated April 20, 2020, and the supplemental response dated April 21, 2020 provide incomplete and evasive responses and assert objections that are not substantially justified."); 138-139; 142-151 (Order re: Case Motions 85, 87, 88, and 89 dated June 18, 2020). The court takes judicial notice of these filings pursuant to Fed. R. Evid. 201.

[35] *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010).

11

rule, borne out of "a proper respect for state functions."[36] Discussing the role comity must play in deciding whether or not a bankruptcy court should retain jurisdiction of a state court dispute, the Bankruptcy Appellate Panel for the Ninth Circuit has observed that "if comity is anything it is the concept that, all else being equal, state law issues ought to be decided by state courts."[37] That is exactly the situation in this instance. Here, the only remaining matter in the State Court Action pertains to collection of that nondebtor judgment. To remove the State Court Action this far into the process is counter to the fundamental concepts of comity.

Other pertinent factors in the court's § 1452(b) analysis also weigh in favor of remand. Considering the "effect or lack thereof on the efficient administration of the estate if the Court recommends remand or abstention," the judgment is not an asset of the estate. As noted above, Mystery Ranch's loan is too attenuated to have any demonstrable impact on the administration of Barrett's bankruptcy.

As is clear from the prior discussions, the remaining issues involved in the State Court Action are exclusively state law collection issues between two nondebtors. Accordingly the second factor weighs in favor of remand, as does the sixth factor concerning the degree of relatedness or remoteness of the proceeding to the main bankruptcy case. Although Barrett owns 50% of Mystery Ranch, a recovery for Mystery Ranch in the State Court Action is not directly related to Barrett's personal bankruptcy and is not property of Barrett's estate. Similarly, the twelfth factor considering the presence of nondebtor parties in the proceeding

---

[36] *Id*. (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981)).

[37] *Casamont Inv'rs, Ltd.*, 196 B.R. at 525.

weighs heavily in favor of remand as the only parties involved in the collection matter are nondebtors.

In sum, Barrett attempts to have a federal court take control of an Alaskan case that has been pending for approximately eight years and has already proceeded to a final judgment which was awarded to Mystery Ranch. Barrett, as the bankruptcy debtor, has no direct interest in the remaining collection proceedings that Mystery Ranch initiated. The only remaining action to be done in the State Court Action is for RB Enterprises to pay the arbitration award by March 2, 2021 or forfeit its interest in IT, LLC. It is unclear what, if anything, a bankruptcy court could accomplish in the State Court Action were it to be removed. Barrett has provided no evidence or argument that warrants retention of the removed state law claims by this court. For the reasons detailed above, the court concludes that the facts and circumstances surrounding these matters require that the removed matters be remanded pursuant to 28 U.S.C. § 1452(b).

In light of the court's decision on remand, Barrett's Transfer Motion is moot.[38]

Therefore,

---

[38] The parties both addressed which motion the court must address first: the motion to transfer or the motion to remand. "[D]istrict courts have discretion over whether to hear a motion to transfer prior to a motion to remand." *Pacific Investment Management Co. LLC v. American International Group,* 2015 WL 3631833, at *4 (C.D. Cal. June 10, 2015). Exercising this discretion, the court opts to join the numerous courts that have chosen to consider the motion to remand prior to the motion to transfer. *See id.*; *see also Kamana O'Kala, LLC v. Lite Solar, LLC*, 2017 WL 1100568, at **4-5 (D. Or. Feb. 13, 2017); *Enron*, 296 B.R. at 509.

13

**IT IS HEREBY ORDERED** that the Defendants' Notice of Motion and Motion to Remand the Adversary Proceeding in Whole or in Part Under [28] U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027(d) (Adv. ECF No. 11) is GRANTED.

**IT IS FURTHER ORDERED** that the state court action *Mystery Ranch, LLC and Jack Barrett v. Bob Gross and RB Enterprises, LLC*, Case No. 3AN-14-08418 CI, filed with the Alaska Superior Court is REMANDED pursuant to 28 U.S.C. § 1452(b).

**IT IS FURTHER ORDERED** that American Arbitration Association Case No. 01-15-0005-1171, to the extent not already resolved, is REMANDED pursuant to 28 U.S.C. § 1452(b).

**IT IS FINALLY ORDERED** that the Motion to Transfer Venue (Adv. ECF No. 5) is DENIED.

DATED: February 4, 2021.

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:   D. Bundy, Esq.
        D.L. Hawkins, Esq.
        A. Napolitano, Esq.
        N. Swift, Esq.
        C. Cacciola, Esq.
        ECF Participants via NEF
        Case Manager